RECORD NO. 13-2137
_____

In The
United States Court of Appeals
For The Fourth Circuit

**BEYOND SYSTEMS, INC.,**

*Plaintiff-Appellant,*

v.

**KRAFT FOODS INCORPORATED,
ET AL.**

*Defendants/Appellees.*

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

CIVIL CASE NO. PJM-08-409

_____

**APPELLANT'S PETITION FOR REHEARING EN BANC**

| | |
|---|---|
| Stephen H. Ring, Esq. | Michael S. Rothman, Esq. |
| LAW OFFICES OF | LAW OFFICES OF |
|   STEPHEN H. RING, P.C. |   MICHAEL S. ROTHMAN |
| Belward Campus Dr., Ste. 175 | 401 E. Jefferson St., Ste. 201 |
| Rockville, MD 20850 | Rockville, MD 20850 |
| (301) 563-9249 | (301) 251-9660 |
| Maryland Attorney No. 00405 | Maryland Attorney No. 14568 |
| Member of the Fourth Circuit Bar | Member of the Fourth Circuit Bar |

*Co-Counsel for Appellant Beyond Systems, Inc.*

# TABLE OF CONTENTS

Table of Authorities……………………………………………………… 3-4

FRAP Rule 35(b) Statement ……………………………………….. 5

Arguments…………………………………………………………… 6

  (a) The Panel Decision and the underlying District
Court Decision conflict with precedent under
the *Erie* Doctrine……………………………………………… 6

  (b) The Panel Decision and the underlying District
Court Decision conflict with the Ninth Circuit
in *Gordon v. Virtumundo* ………………………………….. 10

  (c) Certification of the state law issues to the
Maryland Court of Appeals is necessary
to determine this Petition for Rehearing………………… 11

Conclusions………………………………………………………….. 12

Certificate of Service………………………………………………… 13

Abbreviations Key

  BSI           Appellant Beyond Systems, Inc.

  ISP           Internet Service Provider

# **TABLE OF AUTHORITIES**

## **Federal Cases**

*Ball v. Joy Technologies, Inc.*,
   958 F.2d 36, 39 (4th Cir. 1991)……………………………….. 5, 7

*Barwick v. Celotex Corp.*,
   736 F.2d 946, 955 (4th Cir. 1984)………………………………….. 5, 7

*Beyond Systems, Inc. v. Kraft Foods, Inc.*,
   972 F.Supp.2d 748, 763-771 (D. Md. 2013)…………………….. 5, 8, 10

*Dunn v. Borta*,
   369 F.3d 421, 432-433 (4th Cir. 2011)…………………………… 5, 7

*Erie v. Tompkins*, 304 U.S. 64, 78 (1938)……………………….. 5-9, 11-12

*Gordon v. Virtumundo*,
   575 F.3d 1040, 1068-1069 (9th Cir. 2009)……………………… 5, 10-11

*Guy v. Travenol Laboratories, Inc.*,
   812 F.2d 911, 917 (4th Cir. 1987)………………………………. 5, 7

*Rhodes v. E.I. du Pont de Nemours & Co.*,
   636 F.3d 88, 96 (4th Cir. 2011)………………………………… 5, 7

*St. Paul Fire & Marine Ins. Co. v. Jacobson*,
   48 F.3d 778, 783 (4th Cir. 1989)………………………………. 5, 7

*Talkington v. Atria*,
   152 F.3d 254, 260 (4th Cir. 1998)……………………………… 5, 7

*Valentine v. Sugar Rock, Inc.*,
   745 F.3 729 (4th Cir. 2014)……………………………………... 9, 11

*Wade v. Danek Medical, Inc.*,
   182 F.3d 281, 286 (4th Cir. 1999)………………………………. 5, 7

*Washington v. Union Carbide Corp.*,
   870 F.2d 957, 962 (4th Cir. 1989)……………………………….. 5, 7

## State Cases

*Crews v. Hollenbach*,
  730 A.2d 742, 757 (Md. App. 1999)……………………………. 9

*Flowers v. Rock Creek Terrace*,
  308 Md. 432, 448, 520 A.2d 361 (Md. 1987)………………….. 9

*Knight v. Jewett*,
  11 Cal. Rptr.2d 2, 834 P.2d 696 (Sup.Ct. 1992)………………. 9

*Korzun v. Shahan*,
  151 W.Va. 243, 151 S.E.2d 287, 263 (1966)……………….... 9

## Constitutional Provisions

Article III, U.S. Constitution…………………………………. 12

## Federal Statutes

15 U.S.C. 7706, CAN-SPAM…………………………………. 8

28 U.S.C. 1652……………………………………………………… 5-6, 8, 12

## Maryland Code

Md. Code Ann.,
  Section 12-601- 606……………………………………………… 9, 11

Md. Code Ann., Section 14-3001, *et seq.*,
  MD-CEMA……………………………………………………. 6, 8-11

## Treatises and Common Law Doctrines

*American Jurisprudence 2d*, Section 53…………………………... 10

*Restatement (Second) Torts*,
  Section 892, Comment d………………………………………… 10

*Assumption of the Risk and Volenti Non Fit Injuria*........................... 8-9

# **PETITION FOR REHEARING EN BANC**

# **FRAP Rule 35 (b) Statement**

1. The case on appeal, *Beyond Systems*, *Inc. v. Kraft Foods*, *Inc.*, *et al.*, 972 F. Supp. 2d 748 (D. Md. 2013) is under *Diversity* jurisdiction. It is the opinion of Appellant's Counsel that the Panel Decision, filed February 4, 2015, conflicts with 28 U.S.C. 1652; *Erie v. Tompkins*, 304 U.S. 64, 78 (1938); *Rhodes v. E. I. du Pont de Nemours & Co.*, 636 F.3d 88, 96 (4th Cir. 2011); *Dunn v. Borta*, 369 F.3d 421, 432-433 (4th Cir. 2004); *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 286 (4th Cir. 1999); *Talkington v. Atria*, 152 F.3d 254, 260 (4th Cir. 1998); *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 783 (4th Cir. 1995); *Ball v. Joy Technologies, Inc.*, 958 F.2d 36, 39 (4th Cir. 1991); *Washington v. Union Carbide Corp.*, 870 F.2d 957, 962 (4th Cir. 1989); *Barwick v. Celotex Corp.*, 736 F.2d 946, 955 (4th Cir. 1984); and *Guy v. Travenol Laboratories, Inc.*, 812 F.2d 911, 917 (4th Cir. 1987). Consideration by the full Court is necessary to secure and maintain uniformity of this Court's decisions.

2. The Panel Decision raises *Questions of Exceptional Importance* because it conflicts with the authoritative decision of another Court of Appeals in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2009), which was relied upon by the Panel Decision and the District Court.

3. This issue of *Exceptional Importance* is plaintiffs acting under private attorney general statutes, such as MD-CEMA, to prevent deceptive spamming as a matter of public policy, with a monetary reward as an incentive, are not subject to *Common Law* doctrines of "consent to injury."

## Arguments

### (a) The Panel Decision and the underlying District Court Decision conflict with precedent under the *Erie* Doctrine

4. This case on appeal is under *Diversity* jurisdiction, and the Panel Decision and the underlying District Court Decision, conflict with precedent under the *Erie* Doctrine, as formulated by 28 U.S.C. 1652 and *Erie v. Thompkins*, *id*., 301 U.S., at p. 78, which governs all Federal cases under *Diversity* jurisdiction and requires that state substantive law be determinative of the outcome of the decision. As held by Justice Brandeis:

" … the law to be applied [under *Diversity* jurisdiction] in any case is the law of the state… whether the law of the state shall be declared by its legislature in a statute or by its highest court in a decision, is not a matter of Federal concern." *Id*., at 78. [Emphasis added].

"Congress [and the Federal courts] has no power to declare substantive rules of *Common Law* applicable in a state, whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts." *Id*., at 78. [Capitalization and italics added].

5. The Panel Decision and the underlying District Court Decision moreover conflict with established precedent in the Fourth Circuit, which adopted the *Erie* Doctrine as the binding law of this Circuit.

6

"There is a strong presumption of the validity …. of a [state] statute." "This presumption "forbids us lightly to choose that reading of the statute's setting which will invalidate it over that which will save it."   "It is <u>not</u> on slight implication and vague conjecture that the legislature's …. acts are to be considered as void. *Barwick v. Celotex Corp*., <u>id</u>., 736 F.2d, at p. 955.

"It would be inappropriate for a [federal] court to imply [what should be in a state statute]." "The reason for this deference [to state statutory law] is clear: a federal court acting under its diversity jurisdiction should respond conservatively when asked to discern principles of state law… and should not interpret state law in a manner that may appear desirable to the federal court, but has not been approved by the state whose law is at issue." *Rhodes v. du Pont*, <u>id</u>., 636 F.3d, at p. 96; *Dunn v. Borta*, <u>id</u>., 369 F.3d, at pp. 432-433; *Guy v. Travenol Laboratories, Inc*., <u>id</u>., 812 F.2d, at p. 917.

"In trying to determine how the highest state court would interpret the law, we should <u>not</u> create or expand that state's public policy." "The federal courts in diversity cases, whose function is to ascertain and apply the law of a state 'as it exists,' should <u>not</u> create or expand that state's public policy." *Wade v. Danek Medical, Inc*., 182 F.3d, <u>id</u>., at p. 286. [Emphasis added].

" …we are bound to apply governing state law, as interpreted by the state's highest court." "If the law is not clear, we must rule as it 'appears' the state court would rule." "We should not create or expand that state's public policy." *Talkington v. Atria*, <u>id</u>., 152 F.3d, at p. 260.

"Under the *Erie* Doctrine, the federal courts sitting in diversity, rule upon state law as it 'exists' and do <u>not</u> surmise or suggest its expansion." "We will <u>not</u> attempt to decide the public policy of a [state] 'absent a clear and dominant articulation of the policy' by the [state itself]. *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d, at p. 783. [Emphasis added].

"The *Erie* Doctrine permits federal courts to rule upon state law as it 'presently exists' and <u>not</u> to surmise or suggest its expansion." *Ball v. Joy Technologies, Inc*., <u>id</u>., 958 F.2d, at p. 39. [Emphasis added].

"Federal courts are permitted under *Erie v. Tompkins* to rule upon state law as it 'presently exists,' and not to surmise or suggest its expansion." *Washington v. Union Carbide Corp*., <u>id</u>., 870 F.2d, at p. 962.

7

6. The District Court Decision, id., 972 F.Supp.2d, at pp. 763-766, as affirmed by the Panel Decision, in effect "expanded" Maryland statutory law by implying and engrafting on to it elements of the Federal CAN-SPAM Act, with its statutory requirement that an ISP, such as BSI, be *bona fide* in order to sue. However, there is no such requirement existing under Maryland law, either statutory law or case law, and there is no "clear and dominant articulation" by the Legislature or the Courts of Maryland of a public policy to have a *bona fide* requirement for an ISP, such as BSI, in order to sue.

7. This clear and conclusive violation by the Panel Decision of 28 U.S.C. 1652 and precedent under the *Erie* Doctrine, and the Fourth Circuit, requires that the Panel Decision, and the underlying District Court Decision, be vacated and that this proceeding be remanded to the District Court for resolution consistent with the statutory and case law of Maryland as it "exists," and not to have Federal statutory law implied and engrafted on to the MD-CEMA in conflict with precedent under the *Erie* Doctrine.

8. The District Court Decision, *id.*, 972 F.Supp.2d, at pp. 767-771, as affirmed by the Panel Decision, at pp. 3-4, 8-15, declared the *Common Law* of Maryland imposed the affirmative defenses of *Volenti Non Fit Injuria* and *Assumption of the Risk* to intentional torts, and found BSI had legally consented to the injury caused by the Defendants' deceptive spamming.

9. However, this declaration by the District Court of what Maryland law should be, violates the *Erie* Doctrine by being in conflict with *Crews v. Hollenbach*, 730 A.2d 742, 757 (Md. App. 1999), which ruled that a defendant asserting an *Assumption of the Risk* defense must "abstain from willful or wanton misconduct…." and cited in support to *Flowers v. Rock Creek Terrace*, 308 Md. 432, 448, 520 A.2d 361 (Md. 1987).

10. The violation by the Defendants of the MD-CEMA by intentionally sending deceptive spam e-mails would be, in tort terminology, "willful and wanton" misconduct, under Md. Code. Ann, Section 14-3001, *et*. s*eq*. There are <u>no</u> negligence claims by BSI against the Defendants.

11.  The *Common Law* of Maryland holding that *Assumption of the Risk* is an affirmative defense <u>only</u> to acts of negligence, and <u>not</u> to intentional torts, is in accord with the law of other states.  See, e.g., *Korzun v. Shahan*, 151 W.Va. 243, 151 S.E.2d 287, 263 (1966); *Knight v. Jewett*, 11 Cal. Rptr.2d  2, 834 P.2d 696 (Sup. Ct. 1992).

12.  With any question about Maryland law as to *Assumption of the Risk* <u>not</u> being a defense to intentional torts, this issue must be Certified to the Maryland Court of Appeals, the highest Court in the State, for determination.  See, *Valentine v. Sugar Rock, Inc*., 745 F.3d 729 (4th Cir. 2014), and Md. Code Ann., Section 12-601-606.

9

### (b) The Panel Decision and the underlying District Court Decision conflict with the Ninth Circuit in *Gordon v. Virtumundo*

13. The District Court Decision, *id*., 972 F.Supp.2d, at p. 769-770, and the Panel Decision, at p. 15, n. 2, relied upon the decision of the Ninth Circuit in *Gordon v. Virtumundo*, *id*., 575 F.3d, at p. 1068, to conclude that BSI had legally "consented" to its injuries by the Defendants.

14. However, *Gordon*, *id*., at p. 1069, found that under state and Federal private attorney general statutes, akin to the MD-CEMA, it is against public policy to impose on plaintiffs their legal "consent" to the injury. This is because it would inhibit testers and others to seek out violations, and thereby thwart the public policy of the state to empower such persons to seek out the statutory violations in order to stop the violators' misconduct.

15. In accord with *Gordon*, *id*, at p. 1069, is *American Jurisprudence 2d*, Section 53, which states that:

"A plaintiff who consents to another's conduct may not assert a tort claim for harm resulting from that conduct <u>except</u> where the act …amounts to a public offense."

And the *Restatement (Second) Torts*, Section 892C, Comment d, which states that:

"There is also an analogy to cases under the federal anti-trust acts that hold that the statutory triple-damage action is still avalaible to a party to a prohibited contract despite the defenses of consent and *in pari delicto*, in order to maintain the 'usefulness of the private action as a bulwark of antitrust enforcement.'"

16. This is a *Question of Exceptional Importance* that must be Certified to the Maryland Court of Appeals to determine whether it would be against the public policy of Maryland, under the MD-CEMA, for Plaintiffs, such as BSI, to be deemed to have legally "consented" to the injuries caused by the Defendants' deceptive spamming because it may have invited the spam.

### (c) <u>Certification of the state law issues to the Maryland Court of Appeals is necessary to determine this Petition for Rehearing</u>

17. In view of the District Court failing to determine the state law of Maryland in accord with the requirements of the *Erie* Doctrine, as shown above in paras. 1-12, these state law issues must be Certified to the Maryland Court of Appeals for determination. This Petition for Rehearing could <u>not</u> be determined until these state law issues are Answered.

18. The issues of state law would include whether plaintiffs as private attorney generals under the MD-CEMA are <u>not</u> required to mitigate their damages, are allowed to enhance the statutory damages by inviting spam without proof of actual damages, and are allowed to bring serial litigation, in order to implement the public policy of Maryland, by the prospect of substantial monetary damage awards against defendants to serve as a deterrent to spamming. *Gordon v. Virtumundo*, <u>id</u>., 575 F.3d, at p. 1069, "it may indeed be necessary and desirable for committed individuals to bring serial litigation …" in order to implement the state's public policy.

11

## **Conclusions**

This Petition for Rehearing can only be determined by Certification of the state law issues to the Maryland Court of Appeals, and Answers to those questions. With these Answers, the Panel Decision must be vacated and the case remanded to the District Court for consideration consistent with the substantive laws of Maryland, as is required under 28 U.S.C. 1652 and the *Erie* Doctrine for cases in *Diversity* jurisdiction. A Motion for Certification will be concurrently filed with this Petition for Rehearing.

The Panel Decision, at p. 8, ruled that BSI has Article III standing, and thus it is <u>not</u> seeking Rehearing as to this particular ruling under Federal law.

This the 18th day of February, 2015.

Respectfully submitted,

_____/s/_____
Stephen H. Ring, Esq.,
Belward Campus Dr., Ste. 175
Rockville, MD 20850
Tel. (301) 563-9249  Fax (301) 563-9639
E-Mail: shr@ringlaw.us
Maryland Attorney No. 00405 and member of the Fourth Circuit Bar


_____/s/_____
Michael L. Rothman, Esq.,
401 E. Jefferson St., Ste. 201
Rockville, MD 20850
Tel. (301) 251-9660
E-Mail: mike@mikerothman.com
Maryland Attorney No. 14568 and member of the Fourth Circuit Bar

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 27(a)

I certify that I have complied with Local Rule 27(a) and that no party has consented to this motion.

_____/s/_____
Stephen H. Ring, Esq.

## CERTIFICATE OF SERVICE

I, Stephen H. Ring, Esq., Counsel for the Appellant, hereby certify that a true and correct copy of this Petition for Rehearing En Banc was served on February 18, 2015, by CM/ECF, or by U.S. Mail, first class, postage prepaid, to:

John L. Roche, Esq.,
Perkins Coie, LLP
700 Thirteenth St., N.W., Suite 600
Washington, DC 20005-3960
Counsel for Appellees Kraft Foods, Inc., et al.

Darrell J. Graham, Esq.
John E. Bucheit, Esq.
Roeser Bucheit & Graham, LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
Counsel for Appellees Kraft Foods, Inc., et al.

J. Douglas Baldridge, Esq.
Ari N. Rothman, Esq.
Venable, LLP
575 Seventh St., N.W.,
Washington, DC 20004-1601
Counsel for Appellee Connexus Corporation

_____/s/_____
Stephen H. Ring, Esq.

13