RECORD NO. 13-2137
_____

In The
United States Court of Appeals
For The Fourth Circuit

**BEYOND SYSTEMS, INC.,**

*Plaintiff-Appellant,*

v.

**KRAFT FOODS INCORPORATED,
ET AL.**

*Defendants/Appellees.*

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

CIVIL CASE NO. PJM-08-409

_____

**APPELLANT'S MOTION FOR CERTIFICATION OF
STATE LAW ISSUES TO THE MARYLAND COURT OF APPEALS**

Stephen H. Ring, Esq.             Michael S. Rothman, Esq.
LAW OFFICES OF                    LAW OFFICES OF
 STEPHEN H. RING, P.C.             MICHAEL S. ROTHMAN
Belward Campus Dr., Ste. 175      401 E. Jefferson St., Ste. 201
Rockville, MD 20850               Rockville, MD 20850
(301) 563-9249                    (301) 251-9660
Maryland Attorney No. 00405       Maryland Attorney No. 14568
Member of the Fourth Circuit Bar  Member of the Fourth Circuit Bar

Co-*Counsel for Appellant Beyond Systems, Inc.*

## **MOTION FOR CERTIFICATION**

1. Appellant, Beyond Systems, Inc. ('BSI"), by its Counsel, pursuant to Fed. R. App. P., Rule 27 (a), and Md. Code Ann., CJP §12-603, respectfully moves this Court to Certify questions of Maryland state law raised in the instant case to the Maryland Court of Appeals. This suit raises questions of interpretation of law under the Maryland Commercial Electronic Mail Act, codified as Md. Code Ann., Comm. Law, Sections 14-3001, *et seq*., ("MD-CEMA"). The questions of state law that Appellant BSI seeks to Certify would be determinative in this case before the Circuit Court of Appeals, and would provide clarification to avoid future disputes under the MD-CEMA. As the questions of state law have arisen under the MD-CEMA, they are properly directed to the Maryland Court of Appeals.

2. The Appellees were contacted by e-mail about 5 p.m. on Wednesday, February 18, 2015, to obtain their consent to the filing of this Motion and their consent to Certification of the state law issues to the Maryland Court of Appeals. They declined to consent and indicated that they might oppose this Motion for Certification. See, Certificate of Compliance, herein, at p. 9.

2

## The Facts Relevant to the Questions of State Law to be Answered

3. BSI is a corporation chartered in the State of Maryland and is a resident of this State. It provides services as an Interactive Computer Service Provider ("ICSP") and has received over $300,000 in business income from providing these services to residential and business customers.

4. BSI commenced in 2008 a civil suit against Kraft Foods, Inc., *et al.*, under *Diversity* jurisdiction in the U.S. District Court for the District of Maryland at Greenbelt in Case No. PJM-08-409. The claims against the Defendants are exclusively for <u>intentional</u> violations of the MD-CEMA (Complaint §37, JA091), by the sending of thousands of unsolicited, deceptive spam e-mails, a practice that can be profitable, but is illegal in the State of Maryland. The MD-CEMA was enacted to enforce Maryland's public policy of protecting residents and ICSP's from this illegal practice.

5. Residents of Maryland who sue under MD-CEMA are "private attorney generals" who may be awarded specified monetary damages based upon each deceptive spam e-mail received, without proof of actual damages. The statute incentivizes private persons to sue in furtherance of public policy, thereby saving state resources. *Beyond Systems, Inc. v. Keynetics, Inc.*, 422 F.Supp.2d 523, 535-536 (D. Md. 2006).

6. In *Beyond Systems*, *Inc. v. Kraft Foods*, *Inc.*, *et al.*, 972 F. Supp. 2d 748, 763-766 (D. Md. 2013), a proceeding under *Diversity* jurisdiction, the District Court acted to "engraft" on the MD-CEMA an additional requirement that an ICSP be *"bona fide"* before it may sue for monetary damages under the statute.

7. This *bona fide* requirement is derived from the Federal CAN-SPAM Act in 15 U.S.C. 7706, *et. seq.*, in violation of the *Erie* Doctrine precedent in the Fourth Circuit in *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 783 (4th Cir. 1995), to "expand" the Maryland state statute to conform with Federal law. See, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1068 (9th Cir. 2009), noting a *bona fide* requirement under CAN-SPAM.

8. The District Court, in *Kraft*, *id.*, 972 F. Supp.2d, at pp. 767-771, moreover declared that the *Common Law* of Maryland imposed the affirmative defenses of *Volenti Non Fit Injuria*, which is synonymous with *Assumption of the Risk*, to intentional torts, and that BSI had legally "consented" to its injuries by the Defendants and is entirely barred from collecting any monetary damages for the Defendant's misconduct.

9. The Panel Decision, filed February 4, 2015, at p. 15, n. 2, found that BSI had Article III standing but affirmed the entry of summary judgment against BSI because it had "invited" deceptive e-mails in order to collect

4

monetary damage awards, had filed numerous suits under MD-CEMA, and was therefore precluded from suing under the statute.

10. The District Court and the Panel Decision did not treat BSI as a "private attorney general" acting under state statute to protect the public from the illegal practice of sending deceptive spam e-mails, but as an ordinary Plaintiff pursuing only private *Common Law* claims.

**The Reasons why Certification of the State Law Issues is Necessary**

11. Certification of the state law issues to the Maryland Court of Appeals, which pertain to the MD-CEMA, is necessary because the District Court and the Panel Decision have created new Maryland law, and have stepped outside the boundaries of the *Erie* Doctrine in crafting a state statute to conform with the federal CAN-SPAM Act.

12. Rather than applying the long-established *Erie* Doctrine of adhering to state law, the District Court and the Panel Decision "engrafted" from federal law additional requirements for a plaintiff to sue under MD-CEMA, in conflict with prior rulings of the Fourth Circuit. *St. Paul Fire & Marine Ins. Co. v. Jacobson*, <u>id</u>., 48 F.3d, at p. 783.

13. As held in *Rhodes v. E. I. du Pont de Nemours & Co.*, 636 F.3d 88, 96 (4th Cir. 2011) and *Dunn v. Borta*, 369 F.3d 421, 432-433 (4th Cir. 2004):

> "It would be inappropriate for a [Federal] court to imply [what should be in a state statute]." [Emphasis and capitalization added].

5

14. The District Court Decision, in *Kraft*, <u>id</u>., 972 F.Supp.2d, at pp. 763-766, re-wrote and "expanded" MD-CEMA by deriving from CAN-SPAM, and applying to MD-CEMA, a requirement that a service provider, such as BSI, be *bona fide* in order to sue and collect monetary damages.

15. There is no such requirement under Maryland law, either statutory or case law, and there is no "clear and dominant articulation" by the Maryland Legislature or the state courts of a public policy to impose a *bona fide* requirement before an ICSP, such as BSI, can sue for monetary damages. *St. Paul Fire & Marine, Inc. Co. v. Jacobson*, <u>id</u>. 48 F3d, at p. 783.

16. This Motion for Certification is timely made under Md. Code Ann., CJP Section 12-603, which requires that the litigation be pending before the Court that is requesting the Answer to the questions of Maryland state law. With the timely filing of the Petition for Rehearing En Banc on February 18, 2015, and the Stay of the Mandate being granted, the case remains pending. The Petition for Rehearing raises questions of state law that must be Answered by the Maryland Court of Appeals in order for the Circuit Court of Appeals to determine the merits of the Petition.

17. With the District Court and the Panel Decision having exceeded their jurisdictional authority by creating new state law, the following questions of state law must be Certified to the Maryland Court of Appeals.

6

## **Questions of Law to be Certified to the Maryland Court of Appeals**

a) Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff failed to block spam?

b) Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff used "spam traps," and saved spam to use in litigation?

c) Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff failed to mitigate damages?

d) Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff derived more revenue from anti-spam suits than from providing services as an ICSP?

e)   Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff's primary purpose was suing and collecting monetary damage awards from spammers?

f)   Does Maryland law, under the doctrine of *volenti non fit injuria* or any other theory, preclude a plaintiff from suing for statutory damages under MD-CEMA, after a trial court has found that the plaintiff qualifies as an ICSP, because the plaintiff was substantially or primarily engaged in litigation against spammers?

g)   After a jury verdict finding ICSP status based on instructions that include numerous criteria, and a ruling by the trial court that adopts that verdict, does Maryland law impose an additional requirement that the plaintiff ICSP be *bona fide*? If so, what are the criteria for an ICSP to be *bona fide*?

## **Conclusion**

Appellant requests that this Honorable Court certify the questions of state law listed above to the Maryland Court of Appeals. Appellant's pending Petition for Rehearing En Banc raises these questions of state law, which require an answer by the Maryland Court of Appeals.

8

This the 19th day of February, 2015,

Respectfully submitted,

_____/s/_____
Stephen H. Ring, Esq.,
Belward Campus Dr., Ste. 175
Rockville, MD 20850
Tel. (301) 563-9249  Fax (301) 563-9639
E-Mail: shr@ringlaw.us
Maryland Attorney No. 00405 and member of the Fourth Circuit Bar

_____/s/_____
Michael L. Rothman, Esq.,
401 E. Jefferson St., Ste. 201
Rockville, MD 20850
Tel. (301) 251-9660
E-Mail: mike@mikerothman.com
Maryland Attorney No. 14568 and member of the Fourth Circuit Bar

Co-Counsel for Appellant Beyond Systems, Inc.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE27 (a)**

I hereby certify that I have complied with Local Rule 27 (a) and that no opposing party has consented to this Motion.

_____**/s/**_____
Michael S. Rothman, Esq.
Counsel for the Appellant
Member of the Fourth Circuit Bar

# **CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of this Motion for Certification was served on February 19, 2015, by CM/ECF, or by U.S. Mail, first class, postage prepaid, to:

John L. Roche, Esq.
Perkins Coie, LLP
700 Thirteenth St., N.W., Suite 600
Washington, DC 20005-3960
Counsel for Appellees Kraft Foods, Inc., et al.

Darrell J. Graham, Esq.
John E. Bucheit, Esq.
Roeser Bucheit & Graham, LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
Counsel for Appellees Kraft Foods, Inc., et al.

J. Douglas Baldridge, Esq.
Ari N. Rothman, Esq.
Venable, LLP
575 Seventh St., N.W.,
Washington, DC 20004-1601
Counsel for Appellee Connexus Corporation

_____/s/_____
Stephen H. Ring, Esq.